IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUBREY L. LOVE,<br><br>               Petitioner,<br><br>        vs.<br><br>GARY SWARTHOUT, Warden (A),<br>California State Prison, Solano,<br><br>              Respondent. | No. 2:08-cv-02056-JKS<br><br>STAY ORDER |

At Docket No. 17 this Court issued its Order to Show Cause why this matter should not be stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392. Respondent concurs that this matter should be stayed. Docket No. 19. Petitioner Aubrey L. Love, a state prisoner appearing *pro se*, opposes staying this matter. Docket No. 20.

Love argues that this case differs from *Hayward* in that Love is alleging the violation of a plea agreement. Love entered a plea of guilty to second-degree murder and admitted to the use of a handgun. In accordance with that plea, Love was sentenced to an indeterminate term of 15 years to life on the murder charge, to be served consecutively to a determinate three-year term for the use of a handgun. Nothing in the record supports Love's alleged "understanding" that the plea agreement encompassed an implicit promise that he would be granted parole other than as provided by California law. Nor is there any authority for Love's argument that an indeterminate term of 15 years to life creates an ambiguity that is to be construed against the State or that the Board of Prison Terms must consider the fact that his sentence was the result of a plea bargain. This issue does not present a federal constitutional question cognizable by this Court in a federal habeas proceeding.

This Court is not unmindful that the decision of the California Supreme Court in *In re Lawrence*[1] strongly supports Love's position.  This Court cannot, however, grant relief unless the decision of the state court being reviewed in this case was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[2]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[3]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[4]  Whatever view the California Supreme Court may have construing federal law, no matter how persuasive, is irrelevant in a federal habeas proceeding.

The issue before this Court is whether the United States Supreme Court has held that reliance on the underlying commitment offense alone violates the Due Process Clause of the Fourteenth Amendment.  Federal law concerning the extent of the reliance by the parole board on the facts of the underlying conviction constitutes a denial of due process is far from well settled.  There is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence.[5]  Due process is satisfied when the state provides for review of the inmate's file, a personal interview by the Board, and a statement of its reasons for

---

[1] 190 P.3d 535 (Cal. 2008); *see In re Shaputis*, 190 P.3d 573 (Cal. 2008).

[2] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[3] *Williams v. Taylor*, 529 U.S. at 412.

[4] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009) (holding that where the Supreme Court has not directly considered an issue, the decision of a state court cannot be contrary to or an unreasonable application of clearly established Supreme Court precedent).

[5] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

denying parole,[6] and that decision is supported by some evidence in the record.[7]  Squarely before the en banc panel in *Hayward* is whether the *dicta* in *Biggs*,[8] "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the system and could result in a due process violation,"[9] is, or should be, the *federal law* of the circuit.  Whatever decision is reached in *Hayward*, this Court will be bound by that decision,[10] not the decision of the California Supreme Court in *Lawrence*.

The Court is also not unmindful of the potential adverse impact that staying this action may have on Love.  On the other hand, any ruling in his favor by this Court more likely than not would be appealed to the Ninth Circuit, which is itself holding cases in abeyance pending the decision in *Hayward*.

**IT IS THEREFORE ORDERED THAT** this matter is stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.

**IT IS FURTHER ORDERED THAT**, should the Petitioner be granted parole, not later than 30 days after the decision of the Board of Parole Hearings becomes effective, Respondent is directed to inform the Court of the action of the Board and the date Petitioner is scheduled to be released on parole.

Dated:  December 7, 2009.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[6] *See Id*. at 15.

[7] *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

[8] *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003).

[9] *Id.* at 917.

[10] *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc).